**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 12-60297-CR-BLOOM**

**UNITED STATES OF AMERICA**,

       Plaintiff,

v.

**PAUL F. WRUBLESKI**,

       Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Magistrate Judge David Lee Brannon's Report and Recommendation, ECF No. [192], the Defendant's Objections thereto, ECF No. [198], and the Defendant's Motion to Withdraw Admission of Violating Conditions of Supervised Release, ECF No. [196]. The Court has reviewed the Motions, all supporting and opposing filings, the Court record and is duly advised. The Court finds as follows:

Defendant Paul F. Wrubleski, was originally convicted of attempts to interfere with the administration of Internal Revenue Laws, in violation of 26 U.S.C. §7212(a), and submitting false, fictitious and fraudulent claims, in violation of 18 U.S.C. §287. Following this conviction, he was sentenced on May 21, 2014 to 55 months in prison, three years of supervised release, and ordered to pay $79,963.44 in restitution and $500 special assessment. After serving the prison portion of his sentence, Defendant began his term of supervised release on January 1 1, 2017. He is charged with violating his supervised release by: (1) failing to pay court-ordered restitution in the amount of $79,963.44; and (2) forging a judge's signature. *See* ECF No. [168]

Defendant appeared before Magistrate Judge David Lee Brannon on December 20, 20l7, *pro se* with an Assistant Federal Public Defender as standby counsel, for a final hearing on the violations of supervised release. ECF No. [191]. After Judge Brannon read the alleged violations to the Defendant, he was then afforded the opportunity to consult with his standby counsel. Defendant was placed under oath and thereafter freely, knowingly, and voluntarily admitted to the two violations. See transcript of proceedings at ECF No. [202]. Judge Brannon recommends to this Court that the Defendant's admissions be accepted and the Defendant found guilty of committing the violations of supervised release as charged. ECF No, [2] at 2. Defendant filed timely objections to the Report and Recommendation and now moves to withdraw his admissions. Having considered Judge Brannon's Report, the Defendants' Objections, and having made a *de novo* review of the record, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), this Court finds Judge Brannon's Report and Recommendation to be well reasoned and correct. Defendant's Objections are overruled and his Motion to Withdraw his Admissions are denied.

Federal Rule of Criminal Procedure 11 generally does not apply to supervised release revocation proceedings. *See, e.g., United States v. Johns*, 625 F.2d 1175, 1176 (5th Cir. 1980); *United States v. Freeman*, 396 Fed.Appx. 674, 676 (11th Cir. 2010). However, "[d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994) (citing *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (stating in a parole revocation case that "the same protections granted those facing revocation of parole are required for those facing the revocation of supervised release.")). "The minimum requirements of due process include (1) written notice of the claimed violations, (2) disclosure of evidence, (3) opportunity to be heard in person and

present evidence, (4) the right to confront witnesses, (5) a neutral and detached decision maker, and (6) a written statement by the decision maker setting forth the evidence upon which it relied and its reasons for revoking supervision." *Freeman*, 396 Fed.Appx. at 676 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)).

Here, the Court afforded Defendant all of the minimal due process rights set forth in *Morrissey. See* ECF No. [202]. The Court thoroughly questioned the Defendant to ensure that his admissions were made knowingly, intelligently, and voluntarily. *Id.* at pp. 6-11. The Court read the violations to Defendant and the specific federal statute allegedly violated by Defendant and Defendant admitted each violation individually. *Id.* at pp. 2-13. The Court also ensured that Defendant was aware of the maximum penalties he faced for violating his supervised release. *Id.* at p. 2. Moreover, the Court provided Defendant with a full opportunity to speak with his standby counsel during the hearing. *Id.* at pp. 2, 5.

The Court has considered the Defendant's six objections. His first objection that "as an innocent Third Party controlling interest," the allegations fail to state a claim is patently frivolous. Moreover, contrary to his other five objections, the Petition does sufficiently states the nature of the violations, the United States is not a foreign corporation that lacks authority, dismissal is not warranted, and his claim that his standby counsel rendered ineffective assistance of counsel in not reviewing the "Judicial Notice" is not grounded in law or in fact. Moreover, based on the record before this Court, the Defendant has not provided a sufficient basis to withdraw his admissions to the violations of supervised release.

**IT IS ORDERED AND ADJUDGED** that

1. The Magistrate David Brannon's Report and Recommendation, **ECF No. [192]**, is **ADOPTED;**

2. The Defendant's Objections, **ECF No. [198],** are **OVERRULED;**

3. The Defendant's Motion to Withdraw Admission of Violating Conditions of Supervised Release, **ECF No. [196]**, is **DENIED.**

**DONE AND ORDERED** in Chambers in Miami, Florida, this 25th day of January, 2018.

BETH BLOOM
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record