UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60297-CR-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

PAUL F. WRUBLESKI,

    Defendant.
_____/

## ORDER ON MOTION TO RECONSIDER

**THIS CAUSE** is before the Court on the Defendant Paul F. Wrubleski's Motion to Reconsider, ECF No. [230] ("Motion"). The Court has reviewed the Motion, the Government's Response, the Defendant's Reply, the record in the case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

On November 29, 2012, the Grand Jury returned an Indictment charging Defendant with Attempts to Interfere with Administration of Internal Revenue Laws, in violation of 26 U.S.C. § 7212(a) and with filing False, Fictitious and Fraudulent Claims, in violation of 18 U.S.C. § 287. ECF No. [1]. The Defendant was convicted at trial and thereafter sentenced to 55 months' imprisonment, followed by 3 years of supervised release. The Defendant's Judgment included a criminal restitution order in the amount of $79,963.44. ECF No. [212]. He has completed his term of incarceration and is presently on supervised release.

The Defendant previously sought to be removed from the United States Treasury Offset Program and to be issued a refund for restitution overpayment in the amount of $3,562.65. *See* ECF No. [218]. The Court denied the Defendant's request because he failed to support his claim with any evidence that the restitution has been paid. Moreover, he provided no legal or factual

basis for the relief he sought. ECF No. [224] ("Order"). Defendant now requests that the Court reconsider its Order, based upon his presenting new evidence that the amount of restitution has been paid. He further requests that the Court enter an order rescinding garnishment of his monthly Social Security by the Department of the Treasury and find that he is now owed a refund for restitution overpayment in the amount of $2,004.61. In response, the Government argues that despite the "new evidence" provided by the Defendant, he fails to show that the restitution imposed in this case has been satisfied, and therefore, reconsideration is not warranted. Upon review, the Court agrees with the Government.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the [United States] Supreme Court and [the Court of Appeals for the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted); *United States v. Nunez*, No. 2:17-CR-87-FtM-38MRM, 2020 WL 5569522, at *1 (M.D. Fla. Sept. 17, 2020). In ruling on a motion for reconsideration in a criminal case, federal courts apply civil standards and exercise substantial discretion. *See United States v. Sabooni*, No. 09-20298-CR, 2014 WL 4385446, at *1 (S.D. Fla. Sept. 4, 2014) (citing *United States v. Pugh*, 426 F. App'x 876, 876 (11th Cir. 2011)).

> Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under this framework, courts have interpreted three grounds for reconsidering an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). "The burden is upon the movant to establish the extraordinary circumstances

supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

*Nunez*, 2020 WL 5569522, at *1.

Indeed, reconsideration is an "extraordinary remedy" that should be "employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1370 (S.D. Fla. 2002). To warrant reconsideration, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts and law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citation omitted); *see also Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment" (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007))).

Here, the Certificate of Release of Federal Tax Lien, ECF No. [230] at 7, ("Lien Release"), which Defendant has attached to his Motion as purportedly new evidence, does not demonstrate that the Defendant has satisfied the amount of restitution ordered in this case. The Lien Release makes no mention of this case, or the amount of restitution in this case. Nor do any of the attachments to the Defendant's Motion support his assertion that he is owed a refund. In fact, as noted by the Government, Defendant's payments toward the amount of restitution in this case total $3,497.97 as of August 4, 2021, leaving a balance of $76,465.47 yet to be paid. *See* ECF No. [233-2]. Contrary to his assertion, the Defendant has not provided any evidence that the restitution in this case has been satisfied. As a result, the Defendant fails to show any basis for reconsideration of this Court's Order.

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to

Reconsider, **ECF No. [230]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 16, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

U.S. Probation

4